UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS LAWSON,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY;  P.O. JOSE PERALTA, Shield #
12313, TAX ID # 922956; and P.O. JODY NUNEZ;  the
individual defendants sued individually and in their official
capacities,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS
THE CITY OF NEW YORK,
RAYMOND W. KELLY, P.O.
JOSE PERALTA AND P.O.
JODY NUNEZ TO FIRST
AMENDED COMPLAINT**

**07-CV-11592 (HB)**

**JURY TRIAL DEMANDED**

        Defendants City of New York, Raymond W. Kelly, Police Officer Jose Peralta
and Police Officer Jody Nunez, by their attorney, Michael A. Cardozo, Corporation Counsel of
the City of New York, for their answer to plaintiff's complaint, respectfully allege, upon
information and belief, as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint, except
admit that plaintiff purports to proceed in this action.

        2.      Deny the allegations set forth in paragraph 2 of the complaint, except
admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as
stated therein.

        3.      Deny the allegations set forth in paragraph 3 of the complaint, except
admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as
stated therein.

4.      Admit that venue is proper but deny the remainder of the allegations set forth in paragraph 4 of the complaint as they are legal conclusions to which no responses are required.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6.      Admit.

7.      Admit that Raymond W. Kelly is the Commissioner of the NYPD but deny the remainder of the allegations in paragraph 7 of the complaint.

8.      Admit that Police Officer Jose Peralta is a New York City Police Officer but deny the remainder of the allegations in paragraph 8 of the complaint.

9.      Admit that Police Officer Jody Nunez is a New York City Police Officer but deny the remainder of the allegations in paragraph 9 of the complaint.

10.     Deny the allegations set forth in paragraph 10 of the complaint as they are legal conclusions to which no responses are required.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12.     Deny the allegations in paragraph 12 of the complaint.

13.     Deny the allegations in paragraph 13 of the complaint.

14.     Deny the allegations in paragraph 14 of the complaint.

15.     Deny the allegations in paragraph 15 of the complaint.

16.     Deny the allegations in paragraph 16 of the complaint.

17.     Deny the allegations in paragraph 17 of the complaint.

18.    Deny the allegations set forth in paragraph 18 of the complaint as they are legal conclusions to which no responses are required.

19.    Deny the allegations in paragraph 19 of the complaint.

20.    Deny the allegations in paragraph 20 of the complaint.

21.    Deny the allegations in paragraph 21 of the complaint.

22.    Deny information sufficient to form a belief as to the number of witnesses but deny the remainder of the allegations in paragraph 22 of the complaint.

23.    Admit that plaintiff was transported to the 45th Precinct but deny the remainder of the allegations in paragraph 23 of the complaint.

24.    Deny the allegations in paragraph 24 of the complaint.

25.    Deny the allegations in paragraph 25 of the complaint.

26.    Deny the allegations in paragraph 26 of the complaint.

27.    Deny the allegations in paragraph 27 of the complaint.

28.    Deny information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29.    Deny the allegations in paragraph 29 of the complaint.

30.    Deny the allegations in paragraph 30 of the complaint.

31.    Deny the allegations in paragraph 31 of the complaint.

32.    Deny the allegations in paragraph 32 of the complaint.

33.    Deny the allegations in paragraph 33 of the complaint.

34.    Deny the allegations in paragraph 34 of the complaint.

35.    Deny the allegations in paragraph 35 of the complaint.

36.    Deny the allegations in paragraph 36 of the complaint.

37.     In response to the allegations set forth in paragraph 37 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

38.     Deny the allegations in paragraph 38 of the complaint.

39.     Deny the allegations in paragraph 39 of the complaint.

40.     Deny the allegations in paragraph 40 of the complaint.

41.     Deny the allegations in paragraph 41 of the complaint.

42.     Deny the allegations in paragraph 42 of the complaint.

43.     In response to the allegations set forth in paragraph 43 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

44.     Deny the allegations in paragraph 44 of the complaint.

45.     Deny the allegations in paragraph 45 of the complaint.

46.     Deny the allegations in paragraph 46 of the complaint.

47.     Deny the allegations in paragraph 47 of the complaint.

48.     Deny the allegations in paragraph 48 of the complaint.

49.     Deny the allegations in paragraph 49 of the complaint.

50.     In response to the allegations set forth in paragraph 50 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

51.     Deny the allegations in paragraph 51 of the complaint.

52.     Deny the allegations in paragraph 52 of the complaint.

53.     Deny the allegations in paragraph 53 of the complaint.

54.    Deny the allegations in paragraph 54 of the complaint.

55.    Deny the allegations in paragraph 55 of the complaint.

56.    Deny the allegations in paragraph 56 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57.    The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59.    Defendants Raymond W. Kelly, P.O. Peralta and P.O. Jody Nunez are protected by the doctrine of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60.    There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61.    Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62.    Any injury alleged to be sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64.    At all times relevant to the acts alleged in the complaint, defendants Kelly, Nunez and Peralta acted reasonably in the proper and lawful exercise of  their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendants City of New York, Raymond W. Kelly, P.O. Jose Peralta and P.O. Jody Nunez respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:        New York, New York
              September 8, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 442-8248


                              By:    _____/s/_____
                                     MARK D. ZUCKERMAN

6

TO:   MICHAEL O. HUESTON, ESQ.
     *Attorney for Plaintiff*
     350 Fifth Avenue, Ste. 4810
     New York, New York 10118
     (212) 643-2900